IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARRY RUSSELL | § | |
| Plaintiff | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. 4:13-cv-00489 |
| BAKER HUGHES INCORPORATED, | § | |
| and AIR TROPIQUES, S.P.R.L. | § | **JURY** |
| Defendants | § | |

---

### DEFENDANT BAKER HUGHES INCORPORATED'S
### RESPONSE TO PLAINTIFF'S MOTION TO REMAND

---

**STATON M. CHILDERS**
Federal Bar No. 20599
State Bar No. 00796348
1233 West Loop South, Suite 1000
Houston, Texas  77027
Telephone:  (713) 654-1111
Facsimile:   (713) 650-0027

**ATTORNEY IN CHARGE FOR DEFENDANT,
BAKER HUGHES INCORPORATED**

**OF COUNSEL**:

HAYS, MCCONN, RICE & PICKERING, P.C.
**BRIANNE WATKINS**
Federal Bar No. 713680
State Bar No. 24056500

04847.99 / 1556145.3

**TABLE OF CONTENTS**

I.   SUMMARY OF THE ARGUMENT ................................................................................ 1

II.  FACTUAL BACKGROUND ......................................................................................... 2

III. ARGUMENT & AUTHORITIES .................................................................................. 3

    A.  PLAINTIFF'S CLAIMS FALL WITHIN THE PURVIEW OF THE MONTREAL AND/OR WARSAW CONVENTIONS, AND ARE, THEREFORE, PREEMPTED AND WERE PROPERLY REMOVED TO FEDERAL COURT. ....................................................... 3

        1.  Assuming that Plaintiff's allegations that BHI hired Defendant Air Tropique are true, BHI would constitute a "contracting carrier" and/or "indirect carrier" within the purview of the Montreal Convention ........................................................ 4

        2.  A party does not have to be an air carrier to remove a case pursuant to the Warsaw Convention ................................................................................................ 7

        3.  Even if BHI is not considered a "contracting carrier", this Court has supplemental jurisdiction over Plaintiff's negligent hiring claims against BHI pursuant to 28 U.S.C. §1367 because the claims form part of the same case and controversy as Plaintiff's claims against Air Tropiques ........................................... 8

    B.  REMOVAL OF CLAIMS UNDER THE MONTREAL CONVENTION IS PROPER. ......................... 9

    C.  PLAINTIFF'S CLAIMS RAISE QUESTIONS OF FOREIGN RELATIONS WHICH ARE INCORPORATED INTO FEDERAL COMMON LAW EVEN IF BHI IS NOT A FOREIGN SOVEREIGN. ................................................................................................................. 11

IV.  PRAYER ........................................................................................................................ 13

# TABLE OF AUTHORITIES

*Cases*

*Aaron v. National Union Fire Co. of Pittsburgh, Pa.*, 876 F.2d 1157 .............................. 10
*Banco Nacional de Cuba v. Sabbatino,* 376 U.S. 398, 84 S.Ct. 923 ............................... 11
*Bernardi v. Apple Vacations*, 236 F.Supp.2d 465 ......................................................... 3, 5
*El Al Isr. Airlines, Ltd. v. Tseng*, 525 U.S. 155, 161 (1999) ............................. 3, 4, 6, 8, 10
*Grynberg Production Corporation v. British Gas, p.l.c.,* 817 F.Supp. 1338 .................... 11
*Husmann v. Trans World Airlines, Inc.*, 169 F.3d 1151 ................................................. 11
*Kern v. Jeppesen Sanderson, Inc.,* 867 F. Supp. 525, 531-32 (S.D. Tex. 1994)... 11, 12, 13
*Luna v. Compania Panamena De Aviacion, S.A.*, 851 F.Supp. 826 .................................. 7
*Pierre-Louis v. Newvac Corp.*, 584 F.3d 1052................................................................... 4
*Potter v. Delta Air Lines, Inc.*, 98 F.3d 881 ............................................................. 8, 9, 11
*Rodriguez v. Pacificare of Texas, Inc.*, 980 F.2d 1014 ...................................................... 8
*Shah v. Pan American World Serv., Inc.*, 148 F.3d 84.................................................... 11
*W. Caribbean Airways, S.A.,* 619 F. Supp. 2d 1299.......................................................... 4
*Waters v. Port Auth. Of N.Y. and N.J.*, 158 F.Supp.2d 415 ........................................... 3, 4

*Other*

28 U.S.C. §1367 ............................................................................................................ 8, 9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARRY RUSSELL § | | |
| Plaintiff § | | |
| VS. § | | |
| § | CIVIL ACTION NO. 4:13-cv-00489 | |
| BAKER HUGHES INCORPORATED, § | | |
| and AIR TROPIQUES, S.P.R.L. § | **JURY** | |
| Defendants § | | |

**DEFENDANT BAKER HUGHES INCORPORATED'S
RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

TO THE HONORABLE SIM LAKE, UNITED STATES DISTRICT JUDGE:

Defendant, Baker Hughes Incorporated ("BHI"), hereby files this Response to Plaintiff's Motion to Remand and in support of removal, BHI would show the following:

**I. SUMMARY OF THE ARGUMENT**

1. This is an airplane crash case that occurred in the Republic of the Congo ("ROC") in which Plaintiff has sued both the carrier responsible for the flight as well as his purported employer for allegedly arranging the flight.[1] Plaintiff initiated this lawsuit in the District Court of Harris County, Texas. Due to the fact that Plaintiff asserts claims based on the negligent operation of the aircraft that resulted in a crash, BHI removed the lawsuit to federal court on the grounds that: (1) Plaintiff's state claims are preempted by the purview of the Montreal and/or Warsaw Conventions; and (2) Plaintiff's claims raise questions regarding foreign relations that give rise to federal question jurisdiction.[2]

---

[1] BHI denies that: (1) it was Plaintiff's employer at the time of the incident; and (2) that it arranged for the charter flight which was to transport Plaintiff on one leg of his trip from Muanda in the Democratic Republic of Congo to Pointe Noire in the Republic of Congo. *See* BHI's Amended Answer (Court Doc. No. 3).

[2] Court. Doc. No. 1- BHI's Notice of Removal.

## II. FACTUAL BACKGROUND

1. On December 4, 2011, an aircraft operated by Air Tropiques made in an emergency landing in the ROC. The incident occurred during an international flight while Plaintiff was returning home to Aberdeen, Scotland from an offshore work assignment in Muanda in the Democratic Republic of Congo ("DRC"). Plaintiff's itinerary required him to travel from the Muanda airport in the DRC to Pointe Noire in the ROC for the first leg of his journey. *See* Plaintiff's Original Petition at ¶9. The second leg took Plaintiff from Pointe Noire, ROC to Paris, France, and then on to Aberdeen, Scotland, UK.

2. Plaintiff was in the DRC on a work assignment for his employer, International Professional Resources Limited, Dubai, United Arab Emirates, which is a wholly owned subsidiary of BHI.

3. Plaintiff claims that as the aircraft approached Pointe Noire airport, it suffered an engine failure, which caused it to "freefall" and miss the runway. *See* Plaintiff's Original Petition at ¶9. The emergency landing occurred while traveling through Congolese airspace on a Congolese carrier. Plaintiff's final destination for his journey was Aberdeen, Scotland which required additional international travel on the same itinerary.

4. On December 4, 2012, Plaintiff filed this lawsuit in state court seeking damages for injuries allegedly suffered during the emergency landing. The lawsuit was

identified and referenced as Cause No. 2012-71672; *Barry Russell v. Baker Hughes Incorporated, et al*; In the 80th Judicial District Court of Harris County, Texas.

### III.     ARGUMENT & AUTHORITIES

A. **PLAINTIFF'S CLAIMS FALL WITHIN THE PURVIEW OF THE MONTREAL AND/OR WARSAW CONVENTIONS, AND ARE, THEREFORE, PREEMPTED AND WERE PROPERLY REMOVED TO FEDERAL COURT.**

5.     Federal question jurisdiction exists when The Montreal and Warsaw Conventions for the Unification of Certain Rules of International Carriage by Air (known and hereinafter referred to as the "Montreal Convention" and/or the "Conventions") governs the rights of passengers injured on international flights. *El Al Isr. Airlines, Ltd. v. Tseng*, 525 U.S. 155, 161 (1999). The Montreal Convention provides the "exclusive" cause of action against carriers for injuries sustained during international travel and preempts all actions brought under local law. *Id*. The cardinal purpose of the Conventions is to "achieve uniformity of rules governing claims arising from international air transportation." *Id*. at 169.

6.     "As a general rule, state law claims 'are barred by the Warsaw Convention [and/or Montreal], because the Convention provides the exclusive cause of action for injuries suffered during international flights." *Bernardi v. Apple Vacations*, 236 F.Supp.2d 465, 469 (E.D. Penn 2002)(citing *Waters v. Port Auth. Of N.Y. and N.J.*, 158 F.Supp.2d 415, 422 (D.N.J. 2001)). "Accordingly, once a court determines that the action is one for personal injury within the scope of the Warsaw [and/or Montreal] Convention, it **must dismiss all state law claims as preempted**, and allow a plaintiff to

3

proceed in the federal forum, and only on claims cognizable under the convention." *Id*. (emphasis added).

7. "When interpreting a treaty, [the courts] begin with the text of the treaty and the context in which the written words are used." *E. Airlines, Inc. v. Floyd,* 499 U.S. 530, 534 (1991). Courts utilize more flexible principles to interpret treaty provisions and affect the drafters' intentions than are used to interpret private agreements. *In re W. Caribbean Airways, S.A.,* 619 F. Supp. 2d 1299, 1307-08 (S.D. Fla. 2007), *aff'd sub nom. Pierre-Louis v. Newvac Corp.*, 584 F.3d 1052 (11th Cir. 2009).[3]

### 1. Assuming that Plaintiff's allegations that BHI hired Defendant Air Tropique are true,[4] BHI would constitute a "contracting carrier" and/or "indirect carrier" within the purview of the Montreal Convention.

The term "carrier" is not defined in the Montreal Convention. *In re West Caribbean Airways, S.A.*, 619 F.Supp.2d at 1303. Article 39 of the Montreal Convention, however, defines a "contracting carrier" as follows:

> The provisions of this Chapter apply when a person (hereinafter referred to as "the contracting carrier") as a principal makes a contract of carriage governed by this Convention with a passenger or consignor or with a person acting on behalf of the passenger or consignor, and another person (hereinafter referred to as "the actual carrier") performs, by virtue of authority from the contracting carrier, the whole or part of the carriage, but is not with respect to such part a successive carrier within the meaning of this Convention. Such authority shall be presumed in the absence of proof to the contrary.

---

[3] Citing *Floyd,* 499 U.S. at 535, 111 S.Ct. 1489 (noting that treaties are construed more liberally than private agreements); *accord Western Digital Corp. v. British Airways, PLC,* [2001] 1 All E.R. 109 at paras. 38-40; *Air France v. Saks,* 470 U.S. 392, 405, 105 S.Ct. 1338, 84 L.Ed.2d 289 (1985) (defining the term "accident" in the context of Article 17 of the Warsaw Convention and noting that "[t]his definition should be flexibly applied after assessment of all the circumstances surrounding a passenger's injuries")).
[4] As set forth in BHI's Amended Answer (Court Doc. No. 3), BHI denies that it is Plaintiff's employer or was responsible for hiring Air Tropiques as alleged in Plaintiff's Original Petition.

*In re W. Caribbean Airways, S.A.*, 619 F. Supp. 2d at 1305-06. Accordingly, a person and/or entity will be a "contracting carrier" subject to the Conventions if it was: (1) a person that made a contract of carriage governed by the Montreal Convention; (2) it did so as principal; (3) the contract was with a passenger or consignor, or with a person acting on either's behalf; and (4) another person and/or entity performed the carriage by virtue of authority from the "contracting carrier." *Id.*[5]

In *West Caribbean Airways*, plaintiffs filed claims pursuant to the Montreal Convention against an air carrier as well as the travel agency responsible for chartering the flight. *Id.* at 1302. The travel agency argued that it was not subject to the Montreal Convention because it was not a "carrier" or a "contracting carrier" as defined by Article 39 of the Montreal Convention. *Id.* at 1304. After analyzing each of the foregoing elements for establishing the status of the travel agency under the Convention, the court determined that the travel agency was a "contracting carrier" and plaintiff's claims were subject to the Montreal Convention. *Id.* at 1306-1308.

Similarly, in *Bernardi v. Apple Vacations*, the court noted that there was a threshold question of whether the tour operator that charters a flight on an airline is a "carrier" subject to federal question jurisdiction under the Warsaw Convention. 236 F.Supp. at 467, n. 1. The court's analysis highlights the fact that a party does not have to be an airline or the operator of the aircraft to qualify as a "carrier" under terms of the Conventions.

Based on the allegations in Plaintiff's Original Petition, Plaintiff claims that BHI was responsible for entering into a contract for carriage when it allegedly hired Defendant Air Tropiques to transport Plaintiff from the location of the worksite in the DRC to the ROC. As

---

[5] *See also e.g. Yahya v. Yemenisa-Yemen Airways*, Cause No. 08-14789, 2009 WL 3873658 (E.D. Mich. 2009)(holding that the term "carrier" extends beyond just the entity responsible for flying the aircraft).

was previously discussed in BHI's Notice of Removal (Court. Doc. No. 1), it is undisputed that Plaintiff's travel on Air Tropiques at the time of the incident was part of a single operation in which Plaintiff would make a roundtrip from his home in the United Kingdom to DRC, and then return to the United Kingdom. *See* Plaintiff's Original Petition. Since Plaintiff's travel itinerary began and ended in a nation that is party to the conventions and made stops in the territories of at least two other nations that are parties to one or both conventions, his travel constitutes "international travel" under the Montreal Convention.

It is also undisputed that injuries sustained during an emergency landing and/or crash would qualify as an "accident" under Article 17 of the Convention. An "accident" under Article 17 is an "unusual event…external to the passenger." *El Al Isr. Airlines, Ltd.*, 525 U.S. at 172. In this case, Plaintiff alleges that the aircraft at issue went into a "freefall" and ultimately made an emergency landing. The freefall of an aircraft is certainly an "unusual event" that is external to the passengers. Accordingly, the contract for carriage that Plaintiff alleges existed between BHI and Air Tropiques would fall within the purview of the Montreal Convention.

Further, Plaintiff has alleged actions by BHI as a "principal" with regard to making the contract for carriage with Air Tropiques. In *West Caribbean Airways*, the court pointed out that the term "principal" as it is used in the Convention does not contemplate the necessity of an agency relationship. *Id.* at 1307.

Finally, Plaintiff alleges that BHI acted on his behalf in securing his transportation to and from his residence to the worksite. *See* Plaintiff's Original Petition at ¶¶ 10 and 19. As was the case in *West Caribbean Airways*, Plaintiff's allegations regarding BHI qualify BHI as a "contracting carrier" under the Montreal Convention. Accordingly, this Court has original subject matter jurisdictions over Plaintiff's claims pursuant to the Montreal Convention and his Motion to Remand should be denied.

### 2. A party does not have to be an air carrier to remove a case pursuant to the Warsaw Convention.

Courts have repeatedly declined to remand international aircraft crash cases in which non-carriers were parties in addition to the carriers on the grounds that the plaintiffs' state law claims were preempted by the Montreal Convention. *See e.g. Luna v. Compania Panamena De Aviacion, S.A.*, 851 F.Supp. 826, 829-30 (S.D.Tex. 1994). Indeed, Plaintiff fails to cite to any authority which states that a plaintiff's state law claims against non-carriers cannot be removed along with their claims against a carrier under the Convention. In *Luna*, the defendants included the air carrier as well as aircraft and component manufacturers. *Id*. at 838-29. The defendants removed the case to federal court on the grounds that the Warsaw Convention provided federal question jurisdiction over the entire case. *Id*. at 829. The trial court agreed and held that "the Warsaw Convention provides an exclusive remedy for personal injury claims and preempts all state personal injury causes of action." *Id*. at 831. In its analysis and holding, the court did not distinguish between claims against the air carrier defendant and the claims against the manufacturer defendants. *Id*. at 830-31.

    **3.**    **Even if BHI is not considered a "contracting carrier", this Court has supplemental jurisdiction over Plaintiff's negligent hiring claims against BHI pursuant to 28 U.S.C. §1367 because the claims form part of the same case and controversy as Plaintiff's claims against Air Tropiques.**

    8.    Section 1367(a) states that: "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that form part of the same case or controversy under Article III of the United States Constitution." The use of Article III's "case or controversy" language indicates Congress's intent to grant the courts broad authority to exercise supplemental jurisdiction to the constitutional limit. *Rodriguez v. Pacificare of Texas, Inc.*, 980 F.2d 1014, 1018 (5th Cir. 1993).

    9.    In his Original Petition, Plaintiff asserts claims that Air Tropiques' negligent operation of the aircraft breached their duties as a common carrier and caused him personal, physical injuries. *See* Plaintiff's Original Petition (Court. Doc. No.1) at ¶¶ 10, 14, and 18. As discussed above, Article 17 provides the **exclusive cause of action** for personal injuries and death suffered while travelling internationally. *El Al Isr. Airlines, Ltd.*, 525 U.S. at 176; *see also Potter v. Delta Air Lines, Inc.*, 98 F.3d 881, 885 (5th Cir. 1996). It therefore cannot be disputed that Plaintiff's claims against Air Tropiques are preempted by the Montreal Convention and give rise to federal question jurisdiction.

    10.    Plaintiff's state claims against BHI arise out of the same facts and circumstances related to the emergency landing of the charter flight and the injuries that resulted. *See* Plaintiff's Original Petition at ¶¶ 10 and 19. Specifically, Plaintiff claims

8

that BHI negligently hired and/or entered into a contract for carriage on Plaintiff's behalf with an airline that negligently operated its aircraft. *Id.* The facts related to Plaintiff's injuries, the events and circumstances that necessitated the emergency landing and caused the "freefall," and the negligence of Air Tropiques are all issues relevant to Plaintiff's negligence claims against Air Tropiques as well as BHI. These issues will be adjudicated in proceedings related to the Montreal Convention claims as well as any state law negligent hiring claims. Accordingly, this Court should exercise its supplemental jurisdiction pursuant to §1367 and deny Plaintiff's Motion to Remand.

### B. Removal of Claims Under the Montreal Convention is Proper.

Section 1441 of the United States Code authorizes the removal of claims arising under treaties of the United States. "[T]reaties are construed more liberally than private agreements, and to ascertain their meaning [the courts] may look beyond the written words to the history of the treaty, the negotiations, and the practical construction adopted by the parties." *Potter.*, 98 F.3d at 885.

In *Potter*, the Fifth Circuit affirmed the trial court's rulings regarding whether the Conventions preempted a plaintiff's state law claims and denial of a motion to remand. *Id.* at 887. In its analysis, the court pointed out that the primary function of the Convention was to foster uniformity in the laws governing international air carrier liability. *Id.* at 885. The court further held that these goals would be "frustrated" if parties were allowed to assert state law claims where the Convention did not provide a remedy. *Id.* As a result, the subject matter of the Convention requires uniformity and

9

thus provides an exclusive cause of action despite the fact that the language of the Convention does not expressly preempt state law claims. *Id*.

Even under the tripartite test set forth in *Aaron v. National Union Fire Co. of Pittsburgh, Pa.* removal is proper under the circumstances set forth in the instant case. *See Aaron*, 876 F.2d 1157, 1164-11765 (5th Cir. 1989). First, as discussed above, the Supreme Court has held that the Montreal Convention provides the exclusive cause of action with regard to physical injuries suffered during an international flight. *El Al Isr. Airlines, Ltd.*, 525 U.S. at 175. Specifically, the Court held that "[t]he preemptive effect is clear: The treaty precludes passengers from bringing actions under the local law when they cannot establish air carrier liability under the treaty." *Id*. In this case, Plaintiff's only cause of action for injuries he suffered as a result of the emergency landing falls under the Montreal Convention. Accordingly, despite the pleadings in his Original Petition, Plaintiff has no state law remedy or any other remedy except those provided by the Montreal Convention.

Additionally, Plaintiff's only support for its argument that the Conventions do not expressly limit jurisdiction to the federal forum comes from cases which (1) do not address issues of removal and the basis for federal question jurisdiction; and (2) pre-date the Supreme Court's decision in *El Al Isr. Airlines, Ltd.* regarding the exclusivity of the causes of actions under the Conventions. *See* Plaintiff's Motion to Remand (Court Doc. No. 5) at ¶19. Indeed, Plaintiff fails to cite to any case in which the tripartite test set forth in *Aaron* is applied to determine the removability of claims under the Montreal

10

Conventions. Accordingly, Plaintiff fails to present any authority to support its contention that removal was improper.

Further, courts have repeatedly held that the intent of the drafters of the Montreal Convention to provide uniformity with regard to international aviation claims would be frustrated if parties were permitted to maintain state court actions. *Potter*, 98 F.3d at 885; *see also Husmann v. Trans World Airlines, Inc.*, 169 F.3d 1151, 1153 (8th Cir. 1999); *Shah v. Pan American World Serv., Inc.*, 148 F.3d 84, 97-98 (2nd Cir. 1998). As a result, there is clear intent that claims such as those presented in this case would be not only covered by the treaty, but also removable pursuant to the federal question doctrine.

### C. PLAINTIFF'S CLAIMS RAISE QUESTIONS OF FOREIGN RELATIONS WHICH ARE INCORPORATED INTO FEDERAL COMMON LAW EVEN IF BHI IS NOT A FOREIGN SOVEREIGN.

11. Contrary to the allegations of Plaintiff, the analysis of the court in *Kern v. Jeppesen Sanderson, Inc.*, is applicable to the instant case regardless of whether BHI or any other party is a foreign sovereign. Specifically, in *Kern*, the court pointed out:

> There is also federal question jurisdiction because Plaintiffs' claims raise questions of foreign relations which are incorporated into federal common law. *Banco Nacional de Cuba v. Sabbatino,* 376 U.S. 398, 425, 84 S.Ct. 923, 938, 11 L.Ed.2d 804 (1964). **The fact that foreign countries are not specifically named in the lawsuit is immaterial. All of the consolidated cases involve foreign-built aircraft, flown by foreign airlines, over foreign airspace that crashed in a foreign country. The interest these foreign sovereigns have in regulating their aircraft, airlines and airspace outweighs any interest the United States may have in applying its own air safety regulations to these Defendants.** "[E]very State has complete and exclusive sovereignty over the airspace above its territory." Convention on International Civil Aviation, article 1. They also control the standards for safety and airworthiness within their country. *Id.* at article 38. Since the interests of foreign countries in this litigation are substantial, there is federal question jurisdiction. *Grynberg Production Corporation v. British Gas, p.l.c.,* 817 F.Supp. 1338, 1353–54 (E.D.Tex.1993).

*Kern v. Jeppesen Sanderson, Inc.*, 867 F. Supp. 525, 531-32 (S.D. Tex. 1994). The court in *Kern* did not base its exercise of jurisdiction solely on the Foreign Sovereign Immunities Act, but also found that there was federal question jurisdiction based on the facts that the crash at issue involved a foreign airline, foreign aircraft, foreign airspace, and a landing in a foreign country. *Id*. Accordingly, Plaintiff's argument that *Kern* is inapplicable is without merit.

   12. In nearly identical circumstances, the emergency landing at issue in this case involves an aircraft owned and maintained by a foreign air carrier, that was traveling through foreign airspace, and that landed in a foreign country. *See* Plaintiff's Original Petition. Consequently, Plaintiff's claims against Air Tropiques and BHI explicitly raise issues regarding Air Tropiques' safety, international certification, and compliance with international safety standards. *See* Plaintiff's Original Petition at ¶¶18-20. Plaintiff's claims, therefore, necessarily implicate the United States' government's foreign relations by calling into question the ROC's and/or DRC's decision to register an aircraft and certify Air Tropiques. To the extent that the accident may be under investigation by the Congolese civil aviation authority, international interests and the Congolese sovereign interests may be implicated by second-guessing a pending investigation. Sovereign states have "complete and exclusive sovereignty over the airspace above their territory." *Id*. Plaintiff's claims explicitly challenge the safety, qualifications, and certification of Air Tropiques and thereby necessarily implicate the interests of foreign sovereigns, namely (1) the DRC's interest in regulating the activities, safety, and certification of its airlines, including Air Tropiques; and (2) the ROC's interest in regulating the activities, safety,

and certification of airlines operating in its territory and at its airports. "Since the interests of foreign countries in this litigation are substantial, there is a federal question." *Id*.

## IV. PRAYER

WHEREFORE PREMISES CONSIDERED, Defendant, Baker Hughes Incorporated, prays that this Honorable Court deny Plaintiff's Motion to Remand and for any such further relief to which it may be entitled.

Respectfully submitted,

By:    */s/ Staton M. Childers*
      **STATON M. CHILDERS**
      Federal Bar No. 20599
      State Bar No. 00796348
      1233 West Loop South, Suite 1000
      Houston, Texas 77027
      Telephone: (713) 654-1111
      Facsimile: (713) 650-0027

      **ATTORNEY IN CHARGE FOR DEFENDANT,**
      **BAKER HUGHES INCORPORATED**

OF COUNSEL:

HAYS, MCCONN, RICE & PICKERING, P.C.
**BRIANNE WATKINS**
Federal Bar No. 713680
State Bar No. 24056500

13

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing instrument was forwarded to all attorneys of record by certified mail, return receipt request, hand delivery, fax and/or regular mail, on this the 12th day of April, 2013, as follows:

Kent C. Krausse
Craddock Davis & Krause LLP
3100 Monticello Avenue, Suite 550
Dallas, Texas 75205
Fax: (214) 750-3551

Robert Chaffin
Paul R. Miller
The Chaffin Law Firm
4265 San Felipe, Suite 1020
Houston, Texas 77027
Fax: (713) 952-5972

                                                */s/ Staton M. Childers*
                                                STATON M. CHILDERS